## 11562

### STATE v. KNOTTS *ET AL.*

#### (123 S. E., 828)

CRIMINAL LAW—ARRAIGNMENT AFTER EMPANELING JURY HELD NOT TO VITIATE CONVICTION, IN ABSENCE OF OBJECTION.—That formal arraignment did not occur until after jury had been drawn and sworn *held* not to vitiate conviction of manslaughter, in view of defendant's failure to object to trial before jury already empaneled.

Before SEASE, J., Orangeburg, September, 1923. Affirmed.

Hazel Knotts and Isaiah Shivers were convicted of manslaughter and appeal.

*Mr. E. B. Friday,* for appellant, cites: *Arraignment and plea should have preceded drawing of jury:* Crim. Code, 1922, Sec. 81; Beale Cr. Pl. & Pr. Sec. 58; 162 U. S., 625; 61 S. C., 145; 30 S. C., 69; 16 C. J., 712, 714.

*Mr. A. J. Hydrick, Solicitor,* for the State.

August 2, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

Upon indictment charging murder, the defendants, Hazel Knotts and Isaiah Shivers, were tried before Judge Sease and a jury at the September, 1923, term of the Court of General Sessions for Orangeburg County. On Monday, the first day of the term, the defendants, who were on bond, were called for arraignment. Their attorney, Mr. E. B. Friday, noted his appearance, and it was agreed between him and the Solicitor that three days' sight at the indictment would be waived and that arraignment would be had on the day of trial. The case was set for trial on the following Thursday, at which time the defendants appeared in Court with their counsel, were placed in the dock, and the Solicitor took up the arraignment at the point where he supposed he had left it off on Monday. The defendants were called by name and requested to stand, which they did, and they were asked if they were ready to come to trial, and announced that they were. The jurors were presented singly, and each juror as presented was either rejected or accepted by defendants and sworn. Before the panel had been filled, the Solicitor stated that the defendants had not been arraigned, and moved the Court to dismiss the jurors drawn and sworn. The Court overruled this motion and ordered the case on. Either before or just after the ruling, the Court inquired of the defendants' attorney if he had any motion to make, to which the attorney stated that he waived no rights of defendants. After the panel had been filled, the Solicitor formally arraigned the defendants, each of whom pleaded not guilty.

Witnesses were offered on the part of the state and defense, including the defendants themselves. After argument by defendants' counsel and the Solicitor, and the charge of the Court, the jury retired and rendered a verdict of manslaughter. Upon the defendants being called to bar for sentence, their attorney moved in arrest of judgment and for a new trial upon the following grounds:

(1) To arrest the judgment and to set aside the verdict, because the defendants were not arraigned and given an

opportunity to plead to the indictment before the jury was drawn and sworn, and that no plea was made and entered before the jury was sworn, and no issue joined thereon.

(2) Because the indictment was not read to the defendants, nor were they arraigned, before the jurors were presented, drawn, and sworn, this formal part of the trial being essential, and the trial and conviction of defendants in the absence of the plea was illegal, and the verdict is illegal and void.

The Court overruled both motions, and sentenced the defendants to two years upon the public works of Orangeburg County, or a like period in the penitentiary. From the sentence and judgment the defendants appealed.

The exceptions raise one question: Was the trial and conviction of the defendants illegal and void by reason of the failure of the state to have the defendants arraigned before the jury was drawn and sworn, and did the attempt at arraignment, after a portion of the panel had been filled, cure the defect? We find in 16 Corpus Juris, § 2051, C, p. 806, the following:

"Reading Indictment and Plea to Jury.—Under some statutes it is required that, as a first step after impaneling the jury, the indictment shall be read and defendant's plea be stated to the jury. It has been held that this requirement is mandatory, and that a total failure to comply therewith is reversible error, unless defendant has waived the requirement, but that a substantial compliance with the requirement, which informs the jury of the nature of the charge or of the plea, is sufficient. But it has been held that a failure to read the indictment and to state the plea is not a fatal error, where it appears that the jury are fully informed of the precise charge against defendant and of the issue raised by his plea. A failure to read the indictment until the close of the State's case is error, unless the testimony is reintroduced after the reading, or unless its reintroduction is waived. It

has been held, independently of statute, that the indictment may be read to the jury, if defendant request it."

Under what the record discloses, the defendants waived the arraignment, and the jury, when sworn and impaneled, were fully charged and the indictment read to them.

The exceptions are overrueld, and judgment affirmed.

MR. JUSTICE FRASER concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring in result): I concur in affirming the judgment of the Circuit Court, but I do not think that the opinion of Mr. Justice Watts fully meets the objection interposed by the defendants.

The arraignment of a defendant consists of the formality of having him plead to the indictment; it is the first step in the trial, and logically must precede the presentation of the jurors. After the jury has been completed, the Clerk addresses the jury in what is commonly called "charging the jury," beginning with the statement: "Gentlemen of the jury, who have been sworn, look upon the prisoner at the bar and hearken to his charge." He then practically reads the indictment to the jury, informing them of the particulars of the charge. It does not appear in the record for appeal whether or not this last formality was complied with. We must assume that it was. Its absence is not the ground of the objection, as seems to be assumed in the opinion of Mr. Justice Watts. The objection, as I understand it, is that the formal arraignment, as above defined, did not occur until after the jury had been impaneled, having no reference at all to the charge by the Clerk to the jury.

These is conflict in the authorities upon the question whether or not the failure to arraign the defendant before the jury is drawn and sworn is a fatal omission, as will be seen in 16 C. J., 389. I think that the proper rule is that the verdict will not be set aside for this reason, particularly when the defendant fails to object to a trial before the jury

already impaneled. The defendant should not be allowed to take his chance of a favorable verdict before the jury sworn, and after an unfavorable one raise the objection which he should have raised in the first instance. See 16 C. J., 389, and the cases cited in note 65.

I do not think that it can be said in this case that the defendant waived the arrignment, as declared in the opinion.