23774

The STATE, Respondent v. Jimmy Horace ARIAIL, Appellant.

(426 S.E. (2d) 751)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III*, Columbia, and *Sol. Joseph J. Watson*, Greenville, *for respondent.*

Heard Dec. 7, 1992.

Decided Jan. 11, 1993.

CHANDLER, Justice:

Appellant Jimmy Horace Ariail (Ariail) was convicted of arson in the third degree and sentenced to ten years, suspended upon service of four years and five years probation. We affirm.

At trial, prior to the jury selection, Ariail's attorney expressly waived arraignment:

THE COURT: The indictments are for arson in the third degree. I need to know first of all from the defense attorneys whether or not your client wishes to be arraigned or whether or not they waive arraignment.

COUNSEL: *We'll waive arraignment.* [Emphasis supplied.]

The jury found Ariail guilty of third-degree arson.

On appeal, Ariail contends that arraignment, like indictment, is jurisdictional for the crime of arson and cannot be waived. We disagree.

Arraignment consists of the following procedure:

First, the calling of the prisoner to the bar by his name and commanding him to hold up his right hand, . . ., and he owns himself of that name; second, reading the indictment to him in English that he may understand his charge; third, demanding of him whether he be guilty or not guilty.

*State v. Brock,* 61 S.C. 141, 144-145, 30 S.E. 359 (1901).

Historically, arraignment, although an essential and necessary part of trial, was subject to waiver. *State v. Davis,* 267 S.C. 283, 227 S.E. (2d) 662 (1976) [arraignment was necessary for those felonies listed in S.C. Code § 38-211 (1962)]; *State v. Mayfield,* 345 S.C. 11, 109 S.E. (2d) 716 (1959) (defendant had waived arraignment by going to trial without objection); *State v. Knotts,* 129 S.C. 357, 123 S.E. 828 (1924) (defendant may waive arraignment even though arraignment is an essential and mandatory part of trial).

Moreover, in 1976, the arraignment statute was recodified to render formal arraignment unnecessary. S.C. Code Ann. § 14-7-1110 (1976).

Further, the United States Supreme Court has held that arraignment is a "mere formality" so that the failure to arraign does not result in a due process violation "so long as it appears that the accused had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *Garland v. Washington,* 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775 (1913).

Ariail also argues that, assuming the arraignment process may be waived, the trial judge erred in failing to ascertain that he knowingly and intelligently waived this right. We disagree.

In *State v. Orr,* 304 S.C. 185, 403 S.E. (2d) 623 (1991), we held that waiver of a *constitutional or statutory* right must be

knowingly and voluntarily established on the record by colloquy between either the court and the defendant, or between the court and defendant's counsel, or both. Here, arraignment is not a constitutional or statutory right, but, rather, a mere formality. Therefore, counsel's statement to the court that Ariail waived arraignment is sufficient.

■ Moreover, by proceeding to trial, Ariail waived any objections. *See State v. Mayfield, supra.*

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.