### STATE v. STEWART.

1. The indictment in this case, by a reference back to its preceding allegations, charged with sufficient certainty the time and place of the mortal stroke.
2. Defendant having been once arraigned on a charge of murder and a mistrial had, an arraignment at his second trial was unnecessary.
3. The Circuit Judge committed no error in permitting the jury to disperse for the night, pending a murder trial, neither party objecting.
4. Where the Circuit Judge distinctly charged correct propositions of law in the very words submitted by counsel, he committed no error in failing to add, "and I so charge you."
5. A charge to the jury must be considered as a whole, and the meaning of every sentence determined by the context.

Before HUDSON, J., Laurens, June, 1886.

The opinion states the case.

*Messrs. Ball & Watts*, for appellant.

*Mr. Duncan*, solicitor, contra.

February 16, 1887. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. Lewis Stewart was tried for the murder of his wife, Frances, at the June term of the court, 1886, for the County of Laurens. At a previous term of the court, he had been arraigned and put upon his trial upon the plea of "not guilty," but the jury failing to agree, a mistrial was directed. When the defendant was again placed in the dock for the offence, the Circuit Judge instructed the clerk that, as the prisoner had been arraigned and put to plead upon the former trial, nothing remained to be done but to organize a jury. To this course no objection was made, and the jury was organized and the prisoner put upon his trial under an indictment, which, among other things, charged as follows:

"That Lewis Stewart, of the County and State aforesaid, &c., on the seventh day of May, in the year of our Lord one thousand eight hundred and eighty-three, with force and arms, at Laurens Court House, in the County of Laurens and State aforesaid, in

and upon one Frances Stewart, in, &c., feloniously, wilfully, and of his malice aforethought, did make an assault, and that the said Lewis Stewart, a certain gun of the value of five dollars, then and there charged and loaded with gunpowder and divers leaden shot, which gun he, the said Lewis Stewart, in both his hands then and there held, to, against, and upon the said Frances Stewart, then and there feloniously, wilfully, and of his malice aforethought, did shoot and discharge, and that the said Lewis Stewart, with the leaden shot aforesaid, out of the gun aforesaid, then and there, by force of the gunpowder, shot, discharged, and sent forth as aforesaid, the aforesaid Frances Stewart in and upon the left side of the head of her, the said Frances Stewart, just behind the ear of her, the said ·Frances Stewart, *then and there*, with the leaden shot aforesaid, out of the gun aforesaid, by the said Lewis Stewart, so as aforesaid, shot, discharged, and sent forth, feloniously, wilfully, and of his malice aforethought, did strike, penetrate, and wound, giving to the said Frances Stewart, with the leaden shot aforesaid, so as aforesaid shot, discharged, and sent forth out of the gun aforesaid by the said Lewis Stewart, in and upon the left side of the head just behind the ear of her, the said Frances Stewart, one mortal wound of the depth, &c., and of the breadth, &c., of which said mortal wound the said Frances Stewart then and there instantly died," &c.

Night came on before the trial was ended, and, the parties making no objection, the Circuit Judge, after carefully cautioning them as to their duty, allowed the jury to disperse until the next morning. The jury rendered a verdict of "guilty." The defendant made motions for a new trial and in arrest of judgment, which were refused, and he now appeals to this court upon the following exceptions:

"I. Because his honor held that it was unnecessary to arraign the defendant again, he having been at a former court arraigned and put upon his trial, and a mistrial ordered.

"II. Because he allowed the jury charged with the case to disperse, after the testimony and before argument closed.

"III. That he did not charge the 1st proposition as requested, but, after reading the request, simply said, 'That is a correct proposition, saving and excepting the matter of the alleged confession. This means that the proposition refers to the circumstantial evidence.' He should have added, 'and I so charge.' As to proposition 2, he simply said, 'That is a fair proposition.' He should

have added, 'and I so charge.' As to proposition 3, he said it was 'correct,' but did not add, 'and I so charge.' He said proposition 4 was correct, if it was intended as he took it, but he did not add, 'and I so charge.'

"IV. In charging the jury as follows: 'If the testimony in the case points with equal force or with any reasonable degree of force to the guilt of a man other than the accused, then the accused ought not to be convicted; but if the circumstances point to his guilt exclusively, why then he should be convicted, and the circumstances then would be inconsistent with any other reasonable hypothesis.'

"V. In charging the jury, 'what the State's attorney contends are proved, and upon which he relies to convict: That it is a fact, a short time before the killing, to wit, the latter part of the week preceding Monday night, May 7th, he prepared himself to do the deed.'

"VI. That the judgment should be arrested, because the indictment does not allege, as in law it should, the time and place when and where the alleged mortal stroke was given."

First. As to the motion in arrest of judgment. It is urged that there is a patent defect in the indictment, in that it does not allege "the time and place," when and where the mortal stroke was given. It may be true that in an indictment for murder it is necessary to allege time and place in respect to every issuable and triable fact. See *State* v. *Coleman*, 17 *S. C.*, 474. But it seems to us that, in this case, there was no violation of the rule. The indictment clearly charged the time and place of the assault, which was by a shot from a gun, viz., on May 7, 1883, and at Laurens Court House, in the County of Laurens and State aforesaid; and, as we read it, the indictment also alleged the time and place, when and where, the mortal stroke was given, in and by the words, "then and there," italicized in the copy above cited, which, read with the context, substantially alleged that the mortal stroke was given on *May 7, 1883*, and at *Laurens Court House, in the County of Laurens and State aforesaid*. Leaving out the intervening verbiage and repetition, it would read: "And that the said Lewis Stewart, with * * * the aforesaid Frances Stewart, *then* and *there*, * * * feloniously, wilfully, and of his malice

aforethought, did strike, penetrate, and wound, giving to the said
Frances Stewart, with * * * in and upon the left side of the
head, just behind the ear, of her, the said Frances Stewart, one
mortal wound," &c.  See 2 *Stark. Crim. Pl.*, 368, and precedent.

Second.  As to the motion for a new trial.  1.  It is charged as
error that the Circuit Judge did not require the prisoner to be
arraigned a second time, he having been at a former court
arraigned and put upon his trial, and a mistrial ordered.  No
right claimed was denied to the accused, for to the judge's instruc-
tion to the clerk no exception was taken by the counsel for the
defendant, or request made in his behalf to be again arraigned
and allowed to plead.  The impanelling of the jury and the trial
proceeded in the usual manner, under the plea of "not guilty" to
the indictment.  Was this error?  The arraignment of a prisoner,
against whom a true bill for an offence has been found by the
grand jury, is for the purpose of obtaining from him his answer
to the indictment.  It consists of reading the indictment to him,
and requiring him to say in open court whether or not he is guilty
of what is therein charged against him.  1 *Bish. Crim. Proc.*,
§ 728.  Arraignment and formal plea are necessary in felonies;
but, once done, need not be repeated.  "If the prisoner has been
arraigned and has pleaded to the indictment before the venue is
changed, there is no need of a second arraignment and plea in
the second county."  *Bish. Crim. Proc.*, § 74;  *Davis* v. *The
State*, 39 *Md.*, 355.  "After not guilty is pleaded, should a trial
on the issue be abortive, or for any reason a new trial be ordered,
no repetition of the arraignment and plea will be necessary."
*Bishop*, § 730;  *Byrd* v. *The State*, 1 *How.* (*Miss.*), 247;  *Hayes*
v. *The State*, 58 *Ga.*, 35.

2.  We do not think there is anything in the exception charg-
ing error on the part of the Circuit Judge in allowing the jury,
charged with the case, to disperse for the night.  No one objected,
and he only exercised the discretion usually allowed Circuit
Judges in that matter.  See *State* v. *Belcher*, 13 *S. C.*, 461.

3.  It seems that, in reference to the defendant's request to
charge, the Circuit Judge substantially approved them, and, after
reading them aloud and from the bench, so said;  but he did not
in the very words say, "And I so charge you."  It is not sug-

gested that the jury did not hear or understand the judge, but that he should have said to them in express terms that he so charged them. We cannot say that it was error of law for the judge to address the jury in his own words, omitting the set phrase sometimes used by judges, "And I so charge you." The judge reports: "Perhaps I did not use the phrase, but my address to the jury was my charge, and every proposition of law which I announced to them to be correct or sound was charged, and rather more effectually than if I had confined myself to the stereotyped phrase, 'I so charge you.'"

4. Exception 4 alleges that the judge erred in charging as follows: "If the testimony in the case points with equal force to the guilt of any other man than the accused, then he ought not to be convicted; but if the circumstances point to his guilt exclusively, why then he should be convicted; and the circumstances then would be inconsistent with any other reasonable hypothesis." This was only a detached paragraph of the charge, which should be taken in connection with the other parts; and so considered, we think the defendant had no just cause to complain of it. A part severed from the context may give a very erroneous impression of the general scope and intent. The judge himself reports: "I stated to the jury that if the circumstances of the case pointed so exclusively to the guilt of the accused as to establish to their satisfaction the guilt of the accused alone, then he should be convicted."

5. Exception 5 complains that the judge went beyond his province, and charged upon the facts. The scope of his charge must have been misapprehended, for he says: ";Certain I am, that I took very great pains to instruct the jury that the facts were for them, and in narrating the circumstances upon which the State's counsel relied for conviction, I stated distinctly to the jury that I was not stating any of these matters as facts, that it was not for them (him) to say what was and what was not a fact, but I was stating to them only what facts and circumstances the State's counsel alleged had been established. I endeavored, as clearly as I possibly could, to make the jury understand that, and not to usurp their province in the slightest degree."

The judgment of this court is, that the judgment of the Cir-

cuit Court be affirmed, and that the case be remanded to the Circuit Court for the purpose of enabling that court, if necessary, to assign a new day for the execution of the sentence heretofore imposed.