# Richmond.

## FORBES v. COMMONWEALTH.

### MARCH 8th, 1894.

1. CRIMINAL PROCEEDINGS—*Second trial—Objection delayed—Arrest of judgment.*—Where objection is delayed until after verdict to sending to jury indictment endorsed with the verdict of guilty found at first trial, *held*, not error, and if error, the remedy is not by motion in arrest of judgment.

2. IDEM—*New trial—Higher offence.*—Conviction of unlawful shooting is a conviction of a felony, though punished by imprisonment in jail and fine, and after reversal of the sentence, a second trial may be had for the felony and not merely for a misdemeanor, notwithstanding Code, § 4040.

Error to judgment of county court of Appomattox county, rendered at its July term, 1892, in a prosecution against Robert A. Forbes for unlawful shooting with intent to maim, etc. A writ of error to the said judgment having been refused by the judge of the circuit court of the said county, a writ of error was awarded by one of the judges of this court. Opinion states the case.

*Thomas N. Williams*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error was indicted at the May term, 1892, of the county court of Appomattox for malicious shooting, and

at the same term was convicted of unlawful shooting, the punishment ascertained by the jury being thirty days' imprisonment in jail and a fine of $200. The court set aside the verdict, and awarded a new trial, and at the ensuing July term the defendant was again tried under the same indictment. The clerk charged the jury on the second trial to ascertain whether the defendant was guilty of unlawful shooting, and in the event they should find him guilty, then to ascertain his punishment at not less than one nor more than five years in the penitentiary, or, in their discretion, not exceeding twelve months' imprisonment in jail, and a fine not exceeding five hundred dollars. The defendant thereupon moved the court to correct the charge, and to tell the jury that they could not find him guilty of a felony, but only of a misdemeanor; which motion the court overruled, and the defendant excepted.

The trial then proceeded, and again resulted in a verdict of guilty of unlawful shooting, the punishment, this time, being twenty-three days' imprisonment in jail, and a fine of $100.

The defendant thereupon moved *in arrest of judgment* on two grounds—viz.: 1. Because the indictment was sent to the jury with the former verdict written thereon, and not erased therefrom; and (2) because the indictment was void because not found within the time prescribed by section 4001 of the Code; which motion was overruled, and judgment entered in conformity with the verdict.

It is clear that neither of the grounds upon which the motion was based is well taken. No objection was made before verdict to the jury's taking the indictment, and certainly the court had no power to emasculate the record by erasing therefrom the former verdict. Besides, if there were any merit in either objection, a motion in arrest of judgment was not the proper remedy.

Nor was there error in the action of the court in regard to the charge to the jury. Section 4040 of the Code does, indeed, provide that if a verdict of conviction in a criminal case

Opinion.

be set aside and a new trial granted the accused, " he shall not be tried for any higher offence than that of which he was con- victed on the last trial." But this provision has no application to the present case, because the offence of unlawful shooting is a felony, although punishable, in the discretion ot the jury, by imprisonment in jail and a fine; so that the accused having been convicted of a felony by the verdict that was set aside, it was not correct to say that he could be tried only for a misde- meanor at the next trial. *Benton's Case*, 89 Va., 570.

JUDGMENT AFFIRMED.