15751

STATE v. HEWITT *ET AL.*

(34 S. E. (2d), 764)

*Messrs. Culbertson & Brown,* of Greenville, S. C., Counsel for Appellant,

*Solicitor W. A. Bull,* of Greenville, S. C., and *Mr. W. E. Bowen,* of Greenville, S. C., Counsel for Respondent,

July 13, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

The appellants, John C. Hewitt, his wife, Veva Hewitt, and their son, Geno Hewitt, were tried on October 23, 1944, upon an indictment charging them with the murder of J. W. King. John C. Hewitt and Veva Hewitt were convicted of manslaughter; Geno Hewitt was found guilty of manslaughter, with recommendation to mercy.

At the call of the case, a motion was made on behalf of all of the defendants for a continuance beyond the term, upon the ground that three important and material witnesses for the defense were absent and unavailable, two of whom had testified at a previous trial of the case and for whom subpoenas had been issued. No compulsory process was asked for. The third witness was away in the armed forces of the United States. The solicitor agreed to admit a statement from the witness who was in the armed services as to what he would testify to if present; and further agreed that the testimony of the other two defense witnesses, given at the first trial, should be read to the jury and received as evidence in the case.

The trial Judge overruled the motion for continuance, ordered the case to trial, and the statement and testimony

above referred to were read to the jury under proper instructions fom the court.

The record fails to disclose that the appellants complied with Rule 27 of the Circuit Court governing application for a continuance. However, it does not appear that the trial judge in overruling the motion for a continuance required that the provisions of the rule be followed. The ruling was based upon his discretion.

Motions for continuance on account of the absence of witnesses are addressed to the discretion of the trial court, and this Court will not interfere unless a clear case of legal error is shown. *State v. Murphy*, 48 S C., 1, 25 S. E., 43; *State v. Smith*, 56 S. C., 378, 34 S E., 657; *State v. Pope*, 78 S. C., 264, 58 S. E., 815; *State v. Hester*, 137 S. C., 145, 134 S. E., 885. We do not find anything in the record here to show that the discretion of the trial Judge was wrongly exercised, nor was it controlled by any erroneous view of the law.

It is charged as error that the Circuit Judge did not require the defendants to be arraigned a second time, they having been at a former Court arraigned and put upon trial; a new trial having been ordered by this Court.

The same defendants were previously tried, on October 27, 1943, upon the same charge, and found guilty of manslaughter. Upon appeal to this Court they were granted a new trial. *State v. Hewitt*, 205 S. C., 207, 31 S. E. (2d), 257. It does not clearly appear from the record that the defendants asked to be arraigned, but aside from this, a second arraignment was not necessary. They were tried upon the same indictment which had been used in the former trial, and on the face of that indictment is the notation that they were arraigned on October 25, 1943, four days before their first trial.

Where a defendant has been arraigned and has pleaded not guilty, and a judgment of conviction is reversed and the case remanded, a re-arraignment is

unnecessary, as the plea of not guilty interposed on the first trial remains in full force until the indictment is finally disposed of. *State v. Stewart,* 26 S. C., 125, 1 S. E., 468; 22 C. J. S., Criminal Law, § 409, p. 628, 16 C. J., § 713, p. 388.

But in no event were the defendants prejudiced. The record shows that after the trial jury was empaneled, the clerk charged them, and in so doing followed the usual procedure. What is commonly called "charging the jury" by the clerk, is a well-known step in the trial of criminal cases. The charge begins with the statement: "Gentlemen of the Jury, who have been sworn, look upon the prisoner at the bar and hearken to his charge." The clerk then practically reads the indictment to the jury, informing them of the particulars of the charge. As stated, this was done in this case, and appellants, who had been tried once already upon the same indictment, were fully informed of the charge made against them, and were denied no right. They obtained the full benefit of their plea of not guilty.

Finally, it is urged that the Court erred in permitting the solicitor to use the same indictment which had been used at the former trial, upon which was endorsed the verdict rendered by the jury which sat in the first trial.

The trial Judge in his charge to the jury specifically instructed them to "disregard any verdict you may see on the back of this indictment. This case, as I said in the beginning, is being tried over again, tried anew, altogether new."

Counsel for defendants made no objection when this instruction was given, nor when the indictment was handed to the foreman of the jury. The point was not made until the case reached this Court on appeal.

The issue presented by this ground of appeal appears to be a novel one in this jurisdiction. Appellants contend that the use of the same indictment on which was endorsed the verdict of manslaughter, rendered at the former trial, was highly prejudicial to the rights of the defendants, because

the trial jury was thus given knowledge of the verdict and finding of the jury in the first case.

It is urged that the jury in the second trial of the defendants must have been influenced by the following circumstance: In the first trial the Circuit Judge instructed the jury that if any of the defendants were found guilty of manslaughter, the jury had the right to recommend to mercy; and on that trial the appellant, Geno Hewitt, was convicted of manslaughter and recommended to the mercy of the Court. Upon their second trial, the Judge did not instruct the jury that they might recommend mercy in the event of a conviction of manslaughter for any of the defendants. Yet, it is pointed out that the trial jury convicted Geno Hewitt of manslaughter, and again recommended him to the mercy of the Court.

Hence, it is argued that the jury in the present trial could have had but one source from which to obtain the suggestion of mercy; and that was by reading the notation on the indictment showing that such a finding had been made by the jury in the former trial. This, however, was in no sense prejudicial to the named defendant.

In 16 C. J., § 2543, p. 1083, it is said:

"It has been held that allowing the jury to take an indictment on which is endorsed the verdict rendered at a former trial of defendant, or of one jointly indicted with him, is not error where no objection is made at the time, although it is the better practice not to allow them so to do * * *." And see 23 C J. S., Criminal Law, § 1369, p. 1035.

In *State v. Stover*, 64 W. Va., 668, 63 S. E., 315, there had been a former trial of Stover, and the jury had found him guilty of murder in the second degree, which notation was on the indictment which went into the hands of the second jury, which found him guilty also of the same offense. No objection was made to giving the indictment to the jury with this endorsement. But it was made as a ground for setting aside the verdict. In the opinion, the Court was

careful to point out that the prisoner had made no objection to sending the indictment with the notation into the jury room. And the Court puts into the syllabus that it was no ground for a new trial, as such had been done without objection from the defendant.

In the case of *Forbes v. Commonwealth,* 90 Va., 550, 19 S. E., 164, it was held that the objection to sending to the jury the indictment endorsed with the verdict of guilty, found at the first trial, came too late, after the verdict had been rendered, and should not be heard on a motion in arrest of judgment. The substance of that decision is that objection to the sending of the notated indictment to the jury room should be seasonably made—that is, before the indictment reaches the jury room.

In *State v. Shores,* 31 W. Va., 491, 7 S. E., 413, 418, 13 Am. St. Rep., 875, the indictment had a notation on it of a former conviction of a co-indictee. After the indictment had gone to the jury room, the prisoner through his counsel moved the Court to send for the indictment and take it from the jury. The Court denied that motion. Upon writ of error it was decided that the trial Court had not committed error in refusing to withdraw the indictment from the jury room. The Court in that case said:

"If the defendants had moved the court not to let the jury have the indictment but a copy, it would raise another question that we will not here decide."

It was further said that the prisoner might also have asked the Court to have the jury instructed not to regard the endorsement on the indictment of the finding against Hall, as co-indictee. It was pointed out that the jury had already seen the endorsement before any motion was made, and that the motion came too late.

The action of this Court in reversing and setting aside the former conviction, and remanding the case for a new trial, was quite as likely (in balancing the advantages and disadvantages) to have influenced the trial jury favorably

to the defendants, as was the fact of a former conviction by another jury likely to work to their prejudice.

In our opinion, the rule hereinabove quoted from 16 C. J., § 2543, p. 1083, correctly states the applicable principle in cases of this kind. No objection was made by the defendants at the time the indictment was handed to the jury. The objection to the indictment should have been seasonably made.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.