19787

The STATE, Respondent, v. Prince MEYERS, Appellant

(203 S. E. (2d) 678)

*Messrs. Matthew J. Perry* and *Lincoln C. Jenkins, Jr.,* of Columbia, *and Zack E. Townsend,* of Orangeburg, *for Appellant,*

224

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair,* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and C. *Lavaun Fox, Sol.,* of Aiken, *for Respondent,* 

March 7, 1974.

LEWIS, Justice:

Appellant, Prince Meyers, was convicted of the distribution of heroin and sentenced to a term of fourteen (14) years. He argues two questions in this appeal as grounds for reversal of his conviction. The first concerns a ruling by the trial judge relative to testimony concerning a confidential informer, with whom the officers dealt; and the second with the refusal by the trial judge to recess the trial for the purpose of allowing appellant's counsel to hear a recording of a telephone conversation between appellant and one of the officers.

The State (respondent) introduced testimony showing that James M. Bolyn, Jr., an undercover agent, while accompanied by a confidential informer, purchased heroin from appellant on June 11, 1973, in Bamberg, South Carolina. Appellant relied upon the defense of alibi and produced witnesses who testified in support of his contention that he was in New York at the time of the alleged sale in Bamberg.

The undercover agent testified at the trial that he was accompanied by a "confidential reliable informer," when he purchased the heroin from appellant. Appellant's objection to the manner in which the witness characterized the

person who accompanied him was overruled and, upon the basis of that objection, appellant now asserts, as his first question, that "the court erred in refusing to require witnesses for the State to reveal the identity of the so-called confidential reliable informant."

The record shows that the question now argued was not raised in the lower court. In making the basic objection, counsel stated: " . . . we would object to the manner in which the other individual is characterized. He can either say he went with someone else, or name that person, but we object to this witness' conclusion concerning the other person." And further in the colloquy between the court and counsel with reference to the objection, counsel stated: " . . . but we now object to the manner in which this witness characterizes the other individual."

The record shows that the objection of appellant was directed solely to the manner in which the witness characterized the informer, that is, as a "confidential reliable informer"; and at no time was the objection based upon the ground that the identity of the informer should be revealed.

Since the objection now urged under appellant's first question was not asserted on the trial, it is not properly before this Court. *State v. Jordan,* 258 S. C. 340, 188 S. E. (2d) 780.

Under the remaining exception, appellant assigns error in the refusal of the trial judge to grant a motion to recess the trial so that appellant's counsel could hear a recording of a telephone conversation between appellant and one of the officers.

Appellant was cross-examined concerning a telephone conversation which he had with a man named Bobby on June 21, 1973, while appellant was in New York. Appellant remembered that the call was long distance and the substance of the conversation, but denied that he had ad-

mitted in the conversation that he had previously sold the heroin on June 11th. Appellant was then put on notice that he would be contradicted as to the latter denial.

The undercover agent, James M. Bolyn, Jr., was subsequently recalled as a reply witness and testified that he was the person who talked to appellant by telephone to New York on June 21, 1973, using the name "Bobby," and that appellant acknowledged in the telephone conversation that he had previously made the sale of heroin on June 11th. Upon objection to the testimony on the ground that a proper foundation had not been laid for introduction of the telephone conversation, the trial judge excused the jurors and, in their absence, overruled the objection.

Subsequently, counsel for appellant, while the jury was still absent, made inquiry as to whether the above telephone conversation had been logged or recorded in any manner. He was informed that it had been recorded. Request was thereafter made that the trial be recessed so that counsel could hear the recording. The request was made upon the ground that no meaningful cross-examination of the witness Bolyn could be made without having available the recording so as to test the accuracy of his recollections of the conversation with appellant.

The trial judge agreed to require that the recording be made available to appellant's counsel. However, upon ascertaining that neither the witness nor the Solicitor knew anything of the whereabout of the recording, the request that the trial be recessed to locate the recording was denied and the trial was ordered to proceed. Counsel for appellant, although afforded opportunity to do so, made no cross-examination of the witness with reference to his reply testimony.

The request, during trial, that the telephone conversation between the officer and appellant be made available to appellant's counsel for purposes of cross-examination and that the trial be recessed for such purpose, was addressed to the sound discretion of the trial judge, and his ruling thereon

will not be disturbed unless it appears that there was an abuse of such discretion. *Miller v. Atlantic Coast Line R. Co.,* 94 S. C. 388, 77 S. E. 1111; 88 C. J. S. Trial § 45. We find no error in the ruling of the trial judge.

All references to the recording of the telephone conversation took place out of the presence of the jury; it was not used by the State's witness; and the State in no way relied upon it in the proof of its case.

Neither the witness nor the Solicitor knew who had custody of the recording or whether it was still in existence, and no effort was made by cross-examination or otherwise to locate it. In fact, there is no showing that the Solicitor had any prior knowledge that the recording in question had been made.

Under these circumstances, the trial judge was confronted with the alternative of recessing the trial for an indeterminate period, while the recording was sought, or proceed with the trial. In the light of the uncertainty in locating the recording and its highly doubtful value to appellant in cross-examination, we cannot hold that the trial judge's decision to deny the requested recess constituted an abuse of discretion.

All exceptions are overruled and the judgment is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.