20033

The STATE, Respondent, v. Ray ALLEN and Joe Edward POWELL, Appellants.

(216 S. E. (2d) 189)

*Richard G. Dusenbury, Esq.*, of Florence, *for Appellants.*
*Messrs. Daniel R. McLeod, Atty. Gen., and Kenneth P. Woodington, Staff Atty.*, of Columbia, and *T. Kenneth Summerford, Sol., for Respondent,*

June 11, 1975.

NESS, Justice:

Appellants were charged with grand larceny. They were tried and convicted of the charges and now appeal, contending, first, that the evidence produced by the State was insufficient to support the verdict.

They argue that when the State's case rests upon circumstantial evidence, the prosecution must negate every possible inference of innocence which might flow from the evidence.

We have held that if there is any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raised a suspicion or conjecture in regard to it, the case should be submitted to the jury. *State v. Green et al.*, 261 S. C. 366, 200 S. E. (2d) 74

(1973) ; *State v. Collington,* 259 S. C. 446, 192 S. E. (2d) 856 (1972).

Here, the appellants, strangers in Johnsonville, South Carolina, were placed at the scene, subsequently identified and arrested in the car in which the stolen money box was discovered. This was sufficient to allow a jury to decide the case.

Next the appellants assert that the court erred in admitting into evidence the cash box, which was a gray standard issue metal cash box.

The box was properly identified by the witness by markings thereon. *Burris v. American Chicle* Co., 120 F. (2d) 218, 222 (2nd Cir. 1941).

In addition thereto the appellants cross examined the witness without reservation of their objection. *State v. Quillien,* 263 S. C. 87, 207 S. E. (2d) 814 (1974). This exception is without merit.

The final exception relates to the refusal of the trial court to grant a continuance of the case in order that appellants could subpoena an out of state witness, whose testimony was stipulated by the solicitor. The basis of the appeal, on this point, is that a "live" witness's testimony would be more persuasive, however, at trial, counsel for appellants requested a continuance to procure either a deposition or the witness's presence. Under these circumstances there was no abuse of the trial court's discretion. *State v. Hewitt et al.,* 206 S. C. 409, 34 S. E. (2d) 764 (1945).

Considering the exceptions in the light of the record here, we are of the opinion that the case should have been submitted to the jury and that there was no assigned error in the trial thereof.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.