20263

The STATE, Respondent, v. Floyd William RUMSEY, Appellant.

(226 S. E. (2d) 894)

*William I. Bouton, Esq.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Brian P. Gibbes, Asst. Attys. Gen.,* of Columbia, *and William W. Wilkins, Sol.,* of Greenville, *for Respondent,*

July 21, 1976.

Per Curiam:

Appellant was convicted of murder while committing an armed robbery and sentenced to death pursuant to Section 16-52, 1962 South Carolina Code of Laws as amended. He appeals arising numerous grounds for a new trial.

Oral argument was had at the June term of this Court. One of the grounds urged for reversal was the unconstitutionality of the death penalty.

Prior to a final decision by this Court on the merits of the appeal, the United States Supreme Court decisions of July 2, 1976 with respect to the mandatory death penalty statutes of North Carolina and Louisiana, viz., *Woodson v. North Carolina,* .... U. S. ...., 96 S. Ct. 2978, 48 L. Ed. (2d) ...., 19 Cr. L. 3287 (1976); and *Roberts v. Louisiana,* .... U. S. ...., 96 S. Ct. 3001, 48 L. Ed. (2d) ...., 19 Cr. L. 3301 (1976), made it clear to us that mandatory death sentences in specified circumstances which leave neither judge nor jury discretion to impose a lesser sentence violates the Eighth Amendment prohibition against cruel and unsual punishment.

Since Section 16—52 imposes a mandatory death penalty upon a finding of murder committed in specified circumstances, this Court requested counsel for Appellant to re-argue the constitutionality of Section 16-52 in light of the aforementioned United States Supreme Court decisions.

On re-argument, counsel for Appellant abandoned all exceptions seeking a new trial and limited relief sought to a remand to the lower court for imposition of a life sentence. In essence, Appellant now seeks affirmance of his conviction but vacation of his death sentence. (Both prior to and at trial, Appellant sought to plead guilty to common-law murder which carries a life sentence.)

Notwithstanding Appellant's abandonment at re-argument of issues raised pertaining to a new trial, we reviewed the record for all possible error. We find no merit in any ground raised with the exception of the constitutionality of the mandatory death penalty provisions of Section 16-52, re-argued in light of *Woodson, supra.*

The United States Supreme Court in *Woodson* found North Carolina's death penalty statute (similar to ours) unconstitutional on three grounds. First, it is proscribed by the Eighth and Fourteenth Amendment's requirement that the State's power to punish be exercised within the limits of civilized standards. *Woodson,* .... U. S. ...., 96 S. Ct. 2978, 48 L. Ed. (2d) ...., 19 Cr. L. 3289 (1976). The Court concluded that automatic death penalties have historically been rejected by juries and legislatures and that their imposition today departs unacceptably from contemporary, societal standards regarding the imposition of death. The Court ascribed the enactment of mandatory death penalties after *Furman v. Georgia,* 408 U. S. 238, 92 S. Ct. 2726, 33 L. Ed. (2d) 346 (1976) to attempts by the States to retain constitutional death penalties rather than to a reversal of societal values towards acceptance of mandatory death sentencing. (The amendment of South Carolina's death penalty statute in 1974 imposing mandatory death sentences for specified offenses resulted from our legislature's efforts to cure the constitutional defect of the jury's unbridled discretion to impose the death penalty condemned in *Furman.*)

Secondly, the Court found that the mandatory death penalty contains the same basic, underlying defect of unguided, unchecked jury discretion condemned in *Furman. Woodson,* .... U. S. ...., 96 S. Ct. 2978, 48 L. Ed. (2d) ...., 19 Cr. L. 3294 (1976). Although the *Furman* court dealt with unbridled jury discretion, the *Woodson* court points out that no discretion at all in imposing the death penalty is equally constitutionally repugnant. The Court calls for "objective standards to guide, regularize, and make rationally review-

able the process for imposing a sentence of death." *Woodson,* .... U. S. ...., 96 S. Ct. 2978, 48 L. Ed. (2d) ...., 19 Cr. L. 3294 (1976).

Thirdly, the mandatory death penalty fails "to allow the particularized consideration of relevant aspects of the character and record of each convicted defendant before the imposition upon him of a sentene of death." *Woodson,* .... U. S. ...., 96 S. Ct. 2978, 48 L. Ed. (2d) ...., 19 Cr. L. 3294 (1976). The Court explained further:

"[W]e believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment, See *Trop v. Dulles,* 356 U. S. [86], at 100, 78 S. Ct. [590], at 597 [2 L. Ed. (2d) 630] (plurality opinion) requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death." at ...., 96 S. Ct. at 2991, at 3295.

As our statute does not permit the exercise of controlled discretion in imposing the death penalty required by the recent decisions, but mandates a death sentence upon a finding of murder committed in the circumstances specified in Section 16-52, it too is constitutionally defective.

As the mandatory death provisions under the aggravated circumstances enumerated in Section 16-52 are unconstitutional, in line with the procedure permitted in *Furman* and used in *State v. Gibson,* 259 S. C. 459, 192 S. E. (2d) 720 (1972), we affirm appellant's conviction of murder and reverse only imposition of the death penalty, leaving him subject to the constitutional life sentence provision of Section 16-52. Accordingly, the case is remanded to the General Sessions Court of Greenville County for the purpose of sentencing the appellant to life imprisonment.

Affirmed in part and reversed in part.