### 20271

The STATE, Respondent, v. Lawrence DAVIS, Appellant.
(227 S. E. (2d) 662)

*Richard G. Dusenbury, Esq.,* of Florence, *for Appellant,*

285

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Respondent,*

August 12, 1976.

RHODES, JUSTICE:

Lawrence Davis appeals from his conviction of murder while in the commission of robbery while armed with a deadly weapon. He was sentenced to die by electrocution under S. C. Code § 16-52 (Cum. Supp. 1975).

Davis seeks a new trial upon various grounds and also attacks the constitutionality of his sentence. We affirm his conviction of murder but reverse the sentence imposed and remand for the purpose of sentencing Davis to life imprisonment.

First, Davis contends the trial court erred in refusing to order a mistrial because he was never arraigned on the particular indictment upon which he was convicted.

In April of 1974, Davis was indicted in Florence County for (1) murder while in the commission of robbery while armed with a deadly weapon and (2) willful, deliberate, and premediated murder. He was arraigned on this indictment and the case was tried during the April term of court, but no final judgment resulted because of a mistrial, ordered by reason of jury misconduct.

Subsequently, at the June term of court, Davis was indicted for murder while in the commission of robbery while armed with a deadly weapon. He was tried on this indictment, without arraignment, and found guilty by a jury.

During the trial, Davis moved for a mistrial on the ground he had never been arraigned on the June indictment. A lengthy discussion followed during which defense counsel[1] stated that neither he nor Davis knew that a new in-

---

[1] Davis had been represented by the same counsel at the first trial.

dictment had been obtained until sometime after the trial began. Counsel told the court he had assumed that the April indictment was being used before the trial began.

The solicitor stated to the court that a new indictment was obtained in order to add another defendant.[2] He also explained that at the first trial the second charge was deleted from the indictment as well as the names of three other defendants, and that he made a duplicate indictment reflecting these changes and this indictment was used during the April trial. The solicitor, however, was unable to produce the duplicate indictment because it had been inadvertently destroyed when the June indictment was prepared.

The original indictment of the first trial was shown to the court and defense counsel, and it indicated Davis had been arraigned.[3] The solicitor told the court that the armed robbery murder charge of the April indictment, both the original and duplicate versions, was identical to the charge in the June indictment. Defense counsel agreed that the charges were identical. The motion for mistrial was then denied.

Davis argues that the want of arraignment at his June trial constituted a denial of his due process rights guaranteed by the South Carolina and United States Constitutions. The plain and simple answer to this argument is that the charge on which he was tried in April was the identical charge on which he was tried and convicted two months later and the record indicates he was duly arraigned on this charge at the first trial. We do not think under these circumstances that Davis was deprived of any due process rights.

Davis also argues that rearraignment on the June indictment was essential to a valid conviction. This argument is based on the premise that an arraignment, at least for felo-

---

2 This defendant. Sammy Davis, was not tried with appellant because he was not present when the case was called for trial. See Cir. Ct. Rule 35.

3 The record does not contain a copy of this indictment but the agreed statement of the case states Davis was arraigned on this indictment.

nies, is regarded as a necessary or substantive part of a conviction. 22 C. J. S. Criminal Law § 407 (1961). In this respect it differs from the due process argument but it is apparent that both arguments are closely related. However, we find no merit in this contention either.

In *State v. Stewart,* 26 S. C. 125, 1 S. E. 468 (1887), this Court held that a second arraignment was not necessary at the subsequent trial after a mistrial. *Accord,* 22 C. J. S. Criminal Law § 409 (1961). Similarly, a second arraignment is not necessary after reversal of a conviction and remand. *State v. Hewitt,* 206 S. C. 409, 34 S. E. (2d) 764 (1945). Since Davis was arraigned on the armed robbery murder charge at the first trial, there was no need, therefore, for a second arraignment and his conviction was valid.[4]

■ Next Davis asserts that the trial court erred in refusing to order a mistrial because of alleged misconduct of the solicitor.

Davis objects to several statements made by the solicitor during his closing argument to the jury. After an examination of these statements, we conclude the trial court did not abuse its discretion in failing to order a mistrial. The alleged inflammatory and prejudicial nature of these statements is not supported by the record.

■ Davis next contends that the trial court erred in restricting the scope of cross-examination of a reply witness for the State.

The reply testimony of the witness, Johnny Rooks, contributed certain statements of two defense witnesses on matters involving Sammy Davis. After Rooks was asked several questions on cross-examination, the State objected to the questioning on the ground it was unrelated to the reply testimony of the witness and was irrelevant. The following then took place:

[4] If Davis had not been previously arraigned, his arraignment on the June indictment would have been necessary under S. C. Code § 38-211 (1962), and *State v. Brock,* 61 S. C. 141, 39 S. E. 359 (1901).

"The Court: Yes, sir, you are limited on your cross examination to the reply testimony, Mr. Dusenbury.

"Mr. Dusenbury: Your Honor, we would take the position that they had said that Sammy Davis' wife and sister-in-law and sister had made certain—brought certain parcels to him. And we think that we have a right to explore that and cross examine as to when he left, how long he left, how long this was before he left, how long he stayed with Sammy Davis and all of the surrounding circumstances.

"The Court: Well, I don't know what you mean by all of the surrounding circumstances. But you can certainly cross examine him regarding his reply testimony. But that's as far as I'm going to allow you to go."

The cross-examination of Rooks continued without any further objections or restrictions.

Davis contends his federal constitutional right of confrontation was violated and that the trial court abused its discretion in restricting the cross-examination of Rooks to his reply testimony.

Arguably, these issues were not preserved below, but we find no merit in either contention notwithstanding.[5] While our rules of evidence allow considerable latitude in the cross-examination of main witnesses, we do not think it was error for the trial court to restrict the cross-examination of the reply witness, Rooks, in the present case. The examination of witnesses is generally within the discretion of the trial court and we find no abuse in this case.

The right of confrontation guaranteed by the Sixth Amendment of the United States Constitution includes the right of cross-examination. *Smith v. Illinois*, 390 U. S. 129, 88 S. Ct. 748, 19 L. Ed. (2d) 956 (1968). In *Smith* relied upon by Davis, the petitioner was

---

[5] Davis is not entitled to the doctrine of *in favorem vitae* in light of our subsequent ruling on the constitutionality of his sentence. *State v. Bellue*, 259 S. C. 487, 193 S. E. (2d) 121 (1972).

denied the right to ask the principal prosecution witness either his name or where he lived, although the witness admitted that the name he had first given was false. The credibility of this witness was a crucial issue in the petitioner's trial on a drug charge. The court stated the following in reversing the conviction:

". . . [W]hen the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself."

Davis does not contend he was denied the right to discredit Rooks, but asserts he was denied the right to examine Rooks on all his activities with Sammy Davis. However, the record shows that Rooks was cross-examined on some of these matters and we are left to speculate on what additional activities were not explored because of the trial court's action. In the absence of a showing of some prejudice, we hold a new trial is not warranted.

■ Davis also contends the trial court erred in the admission of evidence of the documentary records of the lineup proceedings in which he was identified as one of the robbers. These records were admissible on the issue of identity. We find no error.

■ Finally, we consider the constitutionality of the sentence imposed upon Davis. Our recent decision of *State v. Rumsey*, S. C., 226 S. E. (2d) 894 (1976), is controlling on this issue. In *Rumsey*, this Court held the death penalty statute (§ 16-52) was unconstitutional to the extent it required mandatory death for conviction of the specified homicidal offenses, which includes the offense of which Davis was convicted.

Accordingly, the judgment of conviction of Davis is affirmed and the sentence imposed by the lower court is reversed. Under the procedure followed in *Rumsey*, this case is remanded to the lower court for the purpose of sentencing Davis to life imprisonment.

Affirmed in Part.

Reversed and Remanded in Part.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOHN GRIMBALL, Acting Associate Justice, concur.