20274

The STATE, Respondent, v. Leon THOMAS, Appellant.
(227 S. E. (2d) 669)

*James B. Richardson, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, and *William W. Wilkins, Sol.,* and *Robert M. Arial, Asst. Sol.,* of Greenville, *for Respondent,*

August 18, 1976.

*Per Curiam.*

The appellant, Leon Thomas, was convicted by a jury of murder committed in the course of robbery while armed with a deadly weapon, in violation of § 16-52, Code of Laws of South Carolina (1962), *as amended in* 1974 (Supp. 1975). The trial judge sentenced him to death by electrocution. The case was appealed and argued in the June 1976 term of this Court.

Thereafter, on July 2, 1976, before an opinion was filed, the United States Supreme Court issued its opinion in the case of *Woodson v. North Carolina,* .... U. S. ...., 96 S. Ct. 2978, 49 L. Ed. (2d) ...., 19 Cr. L. 3287 (1976), ruling that the North Carolina death penalty statute, which is similar to ours, was violative of the Constitution of the United States.

In the case of *State v. Allen,* S. C. 222 S. E. (2d) 287, and other cases, this Court had previously held that our

§. 16-52, *as amended,* was not violative of either the Constitution of the United States or the Constitution of South Carolina. In light of the *Woodson* ruling, we invited counsel to argue before us on July 20, 1976, the impact of this case upon our statute and the case *sub judice.*

In the case of *State of Rumsey* (also reargued), filed July 21, 1976, S. C., 226 S. E. (2d) 894, we recognized that our statute could not stand by reason of *Woodson,* and remanded the case to the Court of General Sessions of Greenville County for resentencing Rumsey to life imprisonment.

In this appeal, Thomas has filed 15 exceptions as a basis for five questions, which he submits in his brief as follows:

"I. Where the defendant was indicted on two counts of murder for the same homicide, the first count charging simple murder but the second count charging murder during armed robbery, a capital offense, and where the only evidence was that the homicide did occur during an armed robbery: Was it constitutional error in light of *Furman v. Georgia* to place the decision of life or death in the hands of the jury?

"II. Where the decision of life or death was committed to the jury, was it constitutional error to excuse two veniremen for general opposition to capital punishment?

"III. Where the trial court expressly found that it would be difficult for the defendant to obtain a fair trial by jury, was it constitutional error to refuse to accept defendant's waiver of his right to trial by jury?

"IV. Was it error to admit the hearsay testimony of the witness Glenn?

"V. Should a new trial be granted for any reason not presented herein as a ground of appeal?

It is apparent that the real gravamen of his appeal is to contest the validity of our death penalty. All questions and

exceptions have been considered and found without merit except the contest of the validity of the sentence to death by electrocution. We find that a full written opinion of the other questions would have no precedential value and no error of law appears. Accordingly, all exceptions except those contesting the validity of the death penalty are dismissed under Rule 23 of our Rules of Practice. Because of *Woodson, supra,* Thomas, like Rumsey, is entitled to be resentenced.

We affirm the conviction of murder and reverse only imposition of the death penalty. This leaves him subject to the constitutional life sentence provision of § 16-52, *as amended.* The case is remanded to the General Sessions Court of Greenville County for the purpose of sentencing Leon Thomas to life imprisonment.

Affirmed in part;

Reversed in Part.