## 20307

The STATE, Respondent, v. Roger Wayne SMITH, Appellant
(229 S. E. (2d) 851)

*Messrs. Jeffrey A. Merriam* and *James H. Lengel* of Greenville *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent,*

November 11, 1976.

LEWIS, Chief Justice:

We are concerned in this appeal with the constitutionality of Section 16-331 of the 1962 Code of Laws, which prescribes the punishment for burglary. This statute provides that any person convicted of burglary at common law shall be imprisoned for life unless the jury finds a special verdict recommending him to the mercy of the court, whereupon the punishment shall be reduced to imprisonment for a term of not less than five (5) years.

No guidelines are prescribed by the statute for the exercise of the jury's discretion in imposing or withholding the penalty of life imprisonment.

Appellant was convicted of burglary and, since the jury did not recommend mercy, he was sentenced to life imprisonment as required by Section 16-331.

His sole contention in this appeal is that his life sentence violates the Eighth Amendment ban on cruel and unusual punishment in that the statute commits the imposition of the life sentence to the unbridled discretion of the jury. Appellant seeks to apply the recently embraced standards of *Furman v. Georgia,* 408 U. S. 238, 92 S. Ct. 2726, 33 L. Ed. (2d) 346, and *Woodson v. North Carolina,* .... U. S. ...., 96 S. Ct. 2978, 49 L. Ed. (2d) 944, followed by this Court in *State v. Rumsey,* S. C., 226 S. E. (2d) 894, for the imposition of the death penalty, so as to also render unconstitutional legislation which similarly vests the jury with discretion in imposing or withholding the penalty of life imprisonment.

We find nothing in the rationale of Furman, Woodson, and similar cases to justify or require the application of the principles there announced to the imposition of a life sentence under the present burglary statute (Section 16-331). The following from Woodson shows that it was intended to apply to only the death penalty:

"[W]e believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment, see *Trop v. Dulles,* 356 U. S. [86], at 100, 78 S. Ct., at 597 [2 L. Ed. (2d) 630] (plurality opinion), requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.

"This conclusion rests squarely on the predicate that the penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that

qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case."

There is no merit in the contention that the imposition of a life sentence under Section 16-331 constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.