21320

The STATE, Respondent, v. Gloria Jean RACKLEY, Appellant.
(272 S. E. (2d) 33)

*Chief Atty. John L. Sweeny* and *Staff Atty. Tara D. Shurling, S. C. Comm. of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia; and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

November 10, 1980.

LITTLEJOHN, Justice:

The defendant-appellant, Gloria Jean Rackley, was indicted for murder, convicted by a jury and sentenced to life imprisonment. She has appealed.

The only issue submitted to this court is whether she was entitled to a copy of the indictment three days prior to her trial. Section 17-19-80, *Code of Laws of South Carolina* (1976), provides as follows:

"Person indicted for capital offense shall have copy of indictment.

Whoever shall be accused and indicted for any capital offense whatsoever shall have a true copy of the whole indictment, but not the names of the witnesses, delivered to him, three days at least before he shall be tried for such offense, whereby to enable him to advise with counsel thereupon, his attorney, agent or any of them requiring the copy, paying the officer his usual fees for the copy for every such indictment."

The law of murder applicable at the time the case was called for trial provided for the death penalty as one of the appropriate punishments. *Code* § 16-3-20, *as amended* (Supp. 1979). Section 16-3-26, *as amended* (Supp. 1979), provided in part:

"(A) Whenever the Solicitor seeks the death penalty, he shall notify defense attorney of his intention to seek such penalty at least 30 days prior to the trial of the case. . . ."

The State delivered to the defendant a true copy of her indictment at her arraignment on Monday, August 6. The case was called for trial on Wednesday, August 8. At that time defense counsel demanded an additional day under § 17-19-80. It is not disputed by defense counsel that he had been advised almost a month earlier as to when this case would be tried.

The trial judge properly denied defendant's request. The offense herein had already lost its capital offense identity because the State had not, as required by the statute, given notice to defense counsel thirty days previously that the death penalty would be sought. At the time defense counsel objected to proceeding with the trial of the case, he admitted that it ". . . is not now a capital offense . . . ." The decision by the State to forego possible punishment by death rendered § 17-19-80 inapplicable from that time forward.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.