24264

The STATE, Respondent v. Kevin Dean YOUNG, Appellant.

(459 S.E. (2d) 84)

Supreme Court

---

*Deputy Chief Atty. Joseph L. Savitz of S.C. Office of Appellate Defense, for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. William Edgar Salter, III, Columbia, and Sol. George M. Ducworth, Anderson, for respondent.*

Heard Nov. 1, 1994.

Decided June 19, 1995; Reh. Den. July 14, 1995.

WALLER, Justice:

Appellant, Kevin Dean Young, was convicted of the murder of an Anderson elementary school principal and sentenced to death. This Court affirmed his murder conviction but reversed the sentence of death and remanded for resentencing. *State v. Young,* 305 S.C. 380, 409 S.E. (2d) 352 (1991) (*Young I*).[1] Young was resentenced to death.

This case consolidates the direct appeal of his resentencing with the mandatory review provisions of S.C. Code Ann. § 16-3-25 (1985).

We affirm.

## ISSUES

The following issues are presented for our review:

1) Was the solicitor required, prior to resentencing, to serve a new notice of intent to seek the death penalty?
2) Where Young's statement to police was determined to be voluntary and admissible in the guilt phase of his trial, was he entitled to relitigate the issue of its voluntariness at resentencing?

---

[1] The details of the crime are set forth in that opinion.

3) Was Young entitled to a jury instruction that, if sentenced to life imprisonment, he would not be eligible for parole for thirty years?
4) Was Young entitled to an instruction on involuntary manslaughter?

### I) *NOTICE OF DEATH PENALTY*

Prior to Young's initial trial, the solicitor served a Notice of Intent to Seek Death Penalty (Notice). On appeal from that trial, this Court reversed and remanded for resentencing. *Young I.* The solicitor did not serve another Notice prior to resentencing; Young contends the failure to do so mandates reversal. We disagree.

S.C. Code Ann. § 16-3-26(A) (Cum. Supp. 1993) provides:

> Whenever the solicitor seeks the death penalty he shall notify the defense attorney of his intention to seek such penalty at least thirty days prior to the trial of the case. At the request of the defense attorney, the defense attorney shall be excused from all other trial duties ten days prior to the term of court in which the trial is to be held.

There is no requirement of **written** notice in the statute. The order appointing counsel to a death penalty case is dated Feb. 11, 1993, almost 4 months prior to resentencing. Clearly, counsel had sufficient notice.

Young cites *State v. Rackley,* 275 S.C. 402, 272 S.E. (2d) 33 (1980), for the proposition that the State forgoes the possibility of a death sentence when it fails to serve a Notice of Intent. *Rackley* is inapplicable here since the State did, in the initial proceeding, serve the Notice.

Moreover, further process and the institution of entirely new proceedings in the lower court are ordinarily unnecessary after remand. 5 CJS *Appeal and Error* § 978 (1993). Where defendants are arraigned and tried upon indictments for murder and thereafter granted a new trial on appeal, a second arraignment is not necessary and retrial upon the original indictments is sufficient. *State v. Hewitt,* 206 S.C. 409, 34 S.E. (2d) 764 (1945). *See also State v. Davis,* 267 S.C. 283, 227 S.E. (2d) 662 (1976); *State v. Stewart,* 26 S.C. 125, 1 S.E. 468 (1887).

■ We hold the State is not required to serve a second Notice of Intent to Seek the Death Penalty at resentencing.

## II) *VOLUNTARINESS OF STATEMENT*

■ During the guilt phase of trial, Young challenged the admissibility of his statement to police in which he confessed to shooting the victim. After a *Jackson v. Denno*[2] hearing, the trial judge ruled the statement admissible. At resentencing, Young moved for **another** *in camera* hearing regarding the voluntariness of the statement. The court denied his request. Young now asserts error in the court's refusal to permit him to present **additional evidence** demonstrating that his statement to police was coerced. We disagree.

At resentencing, Young did not suggest, as he does now, that he should be permitted to testify or present additional evidence before the jury to demonstrate that the statement was coerced. Accordingly, this issue is not preserved. *State v. Meyers*, 262 S.C. 222, 203 S.E. (2d) 678 (1974) (party may not raise ground not asserted below on appeal).

In any event, the resentencing court did not rule that Young could not present additional evidence concerning the circumstances of the statement; to the contrary, the court merely prohibited him from relitigating the issue of admissibility. This ruling was proper. *State v. Truesdale*, 301 S.C. 546, 393 S.E. (2d) 168 (1990) (defendant may not relitigate, at resentencing, admissibility of statement which has previously been determined admissible); *State v. Stewart*, 288 S.C. 232, 341 S.E. (2d) 789 (1986). *See also* S.C. Code § 16-3-25(E)(2) (1985) (introduction of any evidence properly admitted during the guilt or penalty phase of the previous trial permissible at resentencing).

## III) *PAROLE ELIGIBILITY*

During *voir dire,* Young questioned numerous prospective jurors regarding their understanding of "life imprisonment." A majority responded the term meant the defendant would spend the rest of his life in prison, or would be ineligible for

---

[2] 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. (2d) 908 (1964).

parole. One juror interpreted "life" as meaning the defendant would serve about twenty years in prison. Thereafter, Young requested the trial court charge the jury, pursuant to S.C. Code Ann. § 16-3-20(A) (Supp. 1993), that if sentenced to life imprisonment he would be ineligible for parole until service of thirty years. The court refused the request but did charge, pursuant to *State v. Norris*, 285 S.C. 86, 328 S.E. (2d) 339 (1985), that the jury was not to consider parole eligibility and that the terms "life imprisonment" and "death sentence" are to be understood in their plain and ordinary meaning.

Young contends the jury's knowledge that if sentenced to "life," he would not be eligible for parole until service of thirty years is a factor which would have warranted imposition of a life sentence. Accordingly, he asserts the failure to so charge the jury violates the Eighth Amendment.[3] We disagree.

Under the Eighth Amendment, States cannot limit the sentencer's consideration of any **relevant** circumstance which could cause the jury to decline to impose the death penalty. *Payne v. Tennessee*, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed. (2d) 720 (1991); *State v. Stewart*, 288 S.C. 232, 341 S.E. (2d) 789 (1986). The United States Supreme Court has "deferred to the State's choice of substantive factors relevant to the penalty determination." *California v. Ramos*, 463 U.S. 992, 1001, 103 S.Ct. 3446, 3453, 77 L.Ed. (2d) 1171 (1983). Whether parole eligibility is relevant to the sentencing determination is a matter of state law. *Id.* In South Carolina, we have ruled that parole eligibility is **not** relevant to a jury's sentencing considerations. *State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991) (Justice Chandler concurring); *State v. Davis*, 306 S.C. 246, 411 S.E. (2d) 220 (1991). Accordingly, we find no Eighth Amendment violation.

Moreover, Young's contention the jury may have found his thirty-year parole eligibility to warrant a sentence less than death is untenable. The record reveals that a majority of jurors polled who were seated on the jury believed that "life imprisonment" meant the defendant would never be released from prison or would be ineligible for parole. Nonetheless, the jury sentenced Young to death. Fur-

---

[3] U.S. CONST. amend VIII.

thermore, Young was twenty years old at the time of the crime; there is no evidence the jury would have found his release from prison at age fifty mitigating. To the contrary, it is feasible such information would merely have served to enhance the jury's belief that, since Young would one day be released from prison, death was appropriate.

Finally, there is no issue here regarding Young's future dangerousness,[4] a factor which may impact a sentencing jury's consideration of life versus death. *See Simmons v. South Carolina*, 512 U.S. —, 114 S.Ct. 2187, 129 L.Ed. (2d) 133 (1994).[5] Accordingly, *Simmons* is inapplicable to the present case.[6]

## IV) *INVOLUNTARY MANSLAUGHTER CHARGE*

Young asserts the trial court should have charged the jury on the elements of involuntary manslaughter as "mitigating evidence." We disagree.

Young did not request a charge on involuntary manslaughter.[7] Accordingly, no issue is preserved for review. *State v. Longworth*, 313 S.C. 360, 438 S.E. (2d) 219 (1993) (failure to object to charge as given or request additional charge constitutes a waiver of the right to complain on appeal).

In any event, the evidence did not warrant a charge on involuntary manslaughter. According to Young's version of events, his codefendant, Bell, grabbed the Victim's necklace from around his neck. When the Victim "started" towards Bell, Young aimed the gun at the Victim's head. Bell asked the Victim for his money and, after arguing back and forth, the Victim finally tossed his wallet towards Bell. The Victim "kind of swung" at Young and the gun just went off and shot

---

[4] Evidence was presented concerning Young's character and his prior criminal record. Such evidence was, however, relevant in the sentencing phase without regard to future dangerousness. *Simmons v. South Carolina.* There was no contention that Young would one day be released from prison. In fact, counsel for Young stressed to the jury that Young would **never** be released.

[5] The *Simmons* court expressed no opinion on the Eighth Amendment issue presented. 512 U.S. at —, 114 S.Ct. at —, 129 L.Ed. (2d) at 141, n. 4.

[6] Additionally, *Simmons* is inapposite as it involves a defendant's **ineligibility** for parole and not, as here, information the defendant would one day be **released** from prison.

[7] In fact, counsel for Young specifically rejected the State's contention that evidence the Victim swung at him might be mitigating.

the Victim in the back. Bell then took the gun and shot the Victim in the head. The chest wound was fatal.

Involuntary manslaughter is either 1) the killing of another without malice and unintentionally, but while one is engaged in the commission of some unlawful act not amounting to a felony and not naturally tending to cause death or great bodily harm, or 2) the killing of another without malice and unintentionally but while engaged in the doing of a lawful act with a reckless disregard of the safety of others. *Bozeman v. State*, 307 S.C. 172, 414 S.E. (2d) 144 (1992); *State v. McCall*, 304 S.C. 465, 405 S.E. (2d) 414 (Ct. App. 1991).

Here, Young was engaged in the commission of armed robbery, a felony under § 16-1-10, at the time of the shooting. As such, he was not entitled to an involuntary manslaughter charge.

### CONCLUSION

We have concluded the proportionality review pursuant to S.C. Code Ann. § 16-3-25 (1985). The sentence was not the result of passion, prejudice, or any other arbitrary factor; the evidence supports the finding of the aggravating circumstance; and the sentence is not disproportionate to that imposed in similar cases. *State v. Bell*, 305 S.C. 11, 406 S.E. (2d) 165, *cert. denied*, 502 U.S. 1038, 112 S.Ct. 888, 116 L.Ed. (2d) 791 (1991); *State v. Green*, 301 S.C. 347, 392 S.E. (2d) 157, *cert. denied*, 498 U.S. 881, 111 S.Ct. 229, 112 L.Ed. (2d) 183 (1990). The sentence of death is

Affirmed.

CHANDLER, C.J., and TOAL and MOORE, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice:

I respectfully dissent. In my opinion, refusal of Young's request for a jury charge on parole eligibility violated his Eighth Amendment rights. I would reverse.

The trial judge allowed the jurors to be *voir dired* on their understanding of the term "life imprisonment." The responses indicated few potential jurors, if any, understood the legal meaning of this phrase. Once the judge allowed this

issue to be raised in the minds of the jurors, it became a relevant circumstance in determining the appropriate sentence to be imposed. Under these circumstances, the refusal to charge the jury the law on parole eligibility was a violation of the Eighth Amendment. *See Simmons v. South Carolina,* 512 U.S. —, —, 114 S.Ct. 2187, 2198, 129 L.Ed. (2d) 133, 147 (1994) (Souter, A.J., concurring). Further, I do not understand how the majority is able to conclude that the correct information would have had no impact on the jury's sentencing decision. *Simmons v. South Carolina,* supra.